UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  5:21-cv-00358-JWH-MAA                                        Date:  July 28, 2021

Title:     Paul Murray Aydelott v. California Supreme Court

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Holidae Crawford  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Prosecute

### Background

On February 24, 2021, Petitioner Paul Murray Aydelott ("Petitioner"), acting *pro se*, filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California ("Petition").  (Pet., ECF No. 1.)  The claims in the Petition are not clear (*see id.*), although Petitioner references California Proposition 47 (*id.* at 7).[1]  On February 25, 2021, the United States District Court for the Eastern District of California transferred the Petition to this Court.  (Transfer Or., ECF No. 2.)

On March 3, 2021, the Court issued an Order identifying certain procedural defects with the Petition:  (1) Petitioner failed to use Form CV-69, the standard form for 28 U.S.C. § 2254 ("Section 2254") petitions filed in this District, which prevented the Court from being able to ascertain Petitioner's claims and to determine whether those claims are timely and fully exhausted;
(2) Petitioner did not name the proper Respondent for a Section 2254 proceeding; and (3) Petitioner did not pay the $5 filing fee or submit an application for leave to proceed *in forma pauperis* ("March 3 Order").  (Mar. 3, 2021 Or., ECF No. 5.)

On March 11, 2021, the Court received and filed Petitioner's Response to the March 3 Order. (Response, ECF No. 6.)  In this Response, Petitioner stated that he was in quarantine and thus did not have access to the prison law library or other resources.  (*Id.* at 1.)  Petitioner named Warden

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 5:21-cv-00358-JWH-MAA                                              Date: July 28, 2021

Title: Paul Murray Aydelott v. California Supreme Court

Fisher as the warden of his institution of confinement, Valley State Prison. (*Id.*) Petitioner further stated that his mother, Joan Murray, would pay the $5 filing fee on his behalf. (*Id.*) On March 30, 2021, the Court received the $5 filing fee. (*See* ECF No. 7.)

On April 5, 2021, the Court issued an Order acknowledging that Petitioner had resolved two of the procedural issues identified in the March 3 Order by identifying Warden Fisher as a Respondent and paying the $5 filing fee ("April 5 Order"). (Apr. 5, 2021 Or., ECF No. 8, at 2.) The Court further ordered Petitioner to file an amended petition using the required Form CV-69 by May 3, 2021. (*Id.* at 2, 3.)

On April 29, 2021, the Court received and filed Petitioner's First Amended Petition ("FAP"), which appears on Form CV-69. (FAP, ECF No. 11.)

On May 19, 2021, the Court issued an Order finding that Petitioner's FAP is nearly unintelligible, the legal claims and the relief sought are unclear, and the FAP appears to be subject to summary dismissal as frivolous ("May 19 Order"). (May 19, 2021 Order, ECF No. 12.) Out of consideration for Petitioner's *pro se* status, the Court afforded Petitioner an opportunity to respond. (*Id.* at 3.) Petitioner's response was due no later than June 18, 2021. (*Id.*)

### Discussion

To date, Petitioner has not responded to the May 19 Order as required. Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE** by no later than **August 27, 2021** why the Court should not recommend that the case be dismissed for lack of prosecution and failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1, 41-6.

**Failure to comply with this order by August 27, 2021 will result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.