1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PAUL MURRAY AYDELOTT,

               Petitioner,

    v.

RAYTHEL FISHER, Warden,

               Respondent.

Case No. 5:21-cv-00358-JWH-MAA

**ORDER DISMISSING PETITION
AND DISMISSING ACTION
WITHOUT PREJUDICE**

1    **I.     INTRODUCTION AND BACKGROUND**

2              On February 24, 2021, Petitioner Paul Murray Aydelott ("Petitioner"), acting

3    pro se, filed a petition for writ of habeas corpus in the United States District Court

4    for the Eastern District of California ("Petition").  (Pet., ECF No. 1.)  The claims in

5    the Petition are not clear (*see id.*), although Petitioner references California

6    Proposition 47 (*id.* at 7).[1]  On February 25, 2021, the United States District Court

7    for the Eastern District of California transferred the Petition to this Court.  (ECF

8    No. 2.)

9              On March 3, 2021, the Court issued an Order identifying certain procedural

10   defects with the Petition:  (1) Petitioner failed to use Form CV-69, the standard

11   form for 28 U.S.C. § 2254 ("Section 2254") petitions filed in this District, which

12   prevented the Court from being able to ascertain Petitioner's claims and to

13   determine whether those claims are timely and fully exhausted; (2) Petitioner did

14   not name the proper Respondent for a Section 2254 proceeding; and (3) Petitioner

15   did not pay the $5 filing fee or submit an application for leave to proceed *in forma*

16   *pauperis* ("March 3 Order").  (Mar. 3, 2021 Or., ECF No. 5.)

17             On March 11, 2021, the Court received and filed Petitioner's Response to the

18   March 3 Order.  (Response, ECF No. 6.)  In this Response, Petitioner stated that he

19   was in quarantine and thus did not have access to the prison law library or other

20   resources.  (*Id.* at 1.)  Petitioner named Warden Fisher as the warden of his

21   institution of confinement, Valley State Prison.  (*Id.*)  Petitioner further stated that

22   his mother, Joan Murray, would pay the $5 filing fee on his behalf.  (*Id.*)  On

23   March 30, 2021, the Court received the $5 filing fee.  (*See* ECF No. 7.)

24             On April 5, 2021, the Court issued an Order acknowledging that Petitioner

25   had resolved two of the procedural issues identified in the March 3 Order by

26   identifying Warden Fisher as a Respondent and paying the $5 filing fee ("April 5

27   ─────────────────────

28   [1]     Pinpoint citations in this Order refer to the page numbers appearing in the
     ECF-generated headers of the cited documents.

Order"). (Apr. 5, 2021 Or., ECF No. 8, at 2.) The Court further ordered Petitioner to file an amended petition using the required Form CV-69 by May 3, 2021. (*Id.* at 2, 3.)

On April 29, 2021, the Court received and filed Petitioner's First Amended Petition ("FAP"), which appears on Form CV-69. (FAP, ECF No. 11.) On May 19, 2021, the Court issued an Order finding that Petitioner's FAP was nearly unintelligible, the legal claims and the relief sought were unclear, and the FAP appeared to be subject to summary dismissal as frivolous ("May 19 Order"). (May 19, 2021 Order, ECF No. 12.) Out of consideration for Petitioner's pro se status, the Court afforded Petitioner an opportunity to respond. (*Id.* at 3.) Petitioner's response was due no later than June 18, 2021. (*Id.*)

On July 28, 2021, in the absence of any correspondence from Petitioner, the Court issued an Order to Show Cause why the Petition should not be dismissed for failure to prosecute and to comply with Court orders ("July 28 OSC"). (July 28, 2021 OSC, ECF No. 14.) Petitioner's response to the July 28 OSC initially was due no later than August 27, 2021. (*Id.* at 2.) On September 3, 2021, the Court granted Petitioner's motion for an extension of time in which to respond until September 27, 2021. (ECF No. 17.)

On September 8, 2021, the Court received and filed Petitioner's request for appointment of counsel. (ECF No. 18.) On September 14, 2021, the Court denied appointment of counsel without prejudice. (ECF No. 19.)

On October 28, 2021, the Court issued another Order to Show Cause why the proceedings should not be dismissed for failure to prosecute based on Petitioner's failure to respond to the Court's May 19 Order ("October 28 OSC"). (Oct. 28, 2021 OSC, ECF No. 20.) The Court warned Petitioner that "**[f]ailure to comply with this order by November 29, 2021 will result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with**

**court orders pursuant to Federal Rule of Civil Procedure 41(b).**" (*Id.* at 3 (emphasis in original).)

To date, Petitioner has not responded to the October 28 OSC.

## II.   ANALYSIS

### A.   Legal Standard

Central District of California Local Rule 7-12 provides in pertinent part:

> The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion
> . . . .

C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal on the basis of an unopposed motion pursuant to local rule).

In addition, district courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that federal district courts have "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b)—other than for lack of jurisdiction, improper venue, or failure to join a party—operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (quotation marks omitted)).

Before dismissing an action for failure to follow a local rule, failure to prosecute, or failure to comply with a court order, a district court must weigh five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at 53–54 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (failure to follow a local rule); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or failure to comply with a court order).  The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal."  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

**B.     The Factors Support Dismissal.**

1.     <u>The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket</u>

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*, 460 F.3d at 1227.  Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990).  In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case

---

[2]     Courts usually review the first factor in conjunction with the second factor. *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not filed a response to the Court's October 28 OSC. Indeed, Petitioner has not communicated with the Court since September 8, 2021. The Court concludes that Petitioner's failure to comply with Court orders and failure to prosecute the lawsuit constitute unreasonable delay. *See Thomas v. Maricopa Cty. Jail*, 265 F. App'x 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket. *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))). For these reasons, the first and second factors favor dismissal.

### 2.   Risk of Prejudice to Respondent

The third factor also supports dismissal without prejudice. The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642. Petitioner has offered no reason for failing to file a response to the Court's May 19 Order, July 28 OSC, or October 28 OSC. The absence of any reason indicates sufficient prejudice to Respondent. *See Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute").

### 3.   Availability of Less Drastic Alternatives

The fourth factor also supports dismissal without prejudice.  "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."  *Prods. Liab. Litig.*, 460 F.3d at 1229 (citing, *inter alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991) ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")).  In its October 28 OSC, the Court warned Petitioner that the Petition would be dismissed if he did not respond to the OSC by November 29, 2021.  (Oct. 28, 2021 OSC at 3.)  Despite being afforded 30 days to comply, Petitioner failed to respond to the OSC.

### 4.   Public Policy Favoring Disposition of Cases on Their Merits

The fifth factor weighs against dismissal.  "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal."  *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399).  On the other hand, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id.*  (citations omitted).  Thus, this factor alone does not preclude dismissal.

## C.   Dismissal of this Action is Appropriate.

As discussed above, Petitioner's failure to comply with Court orders and failure to prosecute this action constitute unreasonable delay.  In addition, four of the dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal.  "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

1    The Court concludes that dismissal of this action for failure to comply with

2 Court orders and failure to prosecute is warranted.  However, consistent with

3 Rule 41(b) and this Court's exercise of its discretion, the dismissal should be without

4 prejudice.

5 **III.    CONCLUSION**

6    Accordingly, it is hereby **ORDERED** that (1) the Petition is **DISMISSED**

7 **without prejudice** for failure to comply with a court order and failure to prosecute;

8 and (2) the Clerk is **DIRECTED** to enter judgment dismissing this action without

9 prejudice.

10 **IV.    CERTIFICATE OF APPEALABILITY**

11    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the

12 United States District Courts, the Court "must issue or deny a certificate of

13 appealability when it enters a final order adverse to the applicant."  The Court has

14 considered whether a certificate of appealability is warranted.  *See* 28 U.S.C.

15 § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court

16 concludes that a certificate of appealability is not warranted; thus, a certificate of

17 appealability is **DENIED**.

18    **IT IS SO ORDERED.**

19

20 DATED:  January 26, 2022

21

22    JOHN W. HOLCOMB
     UNITED STATES DISTRICT JUDGE

23 Presented by:

24

25

26 MARIA A. AUDERO
     UNITED STATES MAGISTRATE JUDGE

27

28

8